IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:19-cr-72 |
| v. | |
| KAREN DICKERSON, | |
| Defendant. | |

**O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation on defendant's Motion for Reconsideration of her pre-sentencing detention. (Doc. 141). Both the Government and defendant have filed objections. (Doc. 142; doc. 143). After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's September 9, 2020, Report and Recommendation. (Doc. 141). Accordingly, the Court **ADOPTS** the Report and Recommendation, (doc. 141), as the opinion of the Court. The Court, therefore, **GRANTS** defendant's Motion for Reconsideration, (doc. 132), and her request for release on conditions pending sentencing. The conditions on her release are discussed, generally, below, and in more detail in a separate contemporaneous order.

After defendant pleaded guilty, the Court ordered that she remain detained pending sentencing, pursuant to 18 U.S.C. § 3143. At her sentencing hearing, Dickerson informed the Court that she wished to withdraw her guilty plea. (Doc. 115). The request indicated an irreconcilable difference of opinion between defendant and her retained counsel that ultimately resulted in counsels' withdrawal. (*See* doc. 141 at 2). She is currently proceeding *pro se*. (*Id.*).

During the proceedings regarding counsels' withdrawal, Dickerson indicated to the Magistrate Judge that she wished to revisit the undersigned's detention determination. (*See* doc. 136 at 6). The Magistrate Judge construed her request as a motion to reconsider that determination. (*Id.* at 6-7). The Government responded in opposition, (doc. 136), and the Magistrate Judge held a hearing on the motion (doc. 138).

After the hearing, the Magistrate Judge entered a Report and Recommendation. (*See generally* doc. 141). The Magistrate Judge concluded that, in the absence of any express statutory authorization for revisiting such determinations, Dickerson's request was best construed as a "general" motion for reconsideration. (*See id.* at 7 (citing *Serrano v. United States*, 411 F. App'x 254, 255 (11th Cir. 2011))). As this Court has explained, such a motion requires that the movant "show (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." *United States v. Faller*, 2020 WL 1502983, at * 1 (S.D. Ga. Mar. 24, 2020). In defendant's case, no party argued that controlling law had changed or that the original detention determination was erroneous or unjust. (Doc. 141 at 8). Accordingly, Dickerson's motion depended upon whether there was new evidence. (*Id.*)

Although the Magistrate Judge concluded that the evidence Dickerson presented, in the form of character testimony, was likely available to her at the time of the original detention order, it was nevertheless "new" in the context of the extraordinary circumstances brought about by the COVID-19 pandemic. (Doc. 141 at 9-17). Specifically, he concluded that the additional strictures on social interaction imposed in response to the pandemic, made her showing that she is neither a flight risk or a danger to the community "clear and convincing." (Doc. 141 at 16-17). The Government objects to the characterization of that evidence as "new." (Doc. 142 at 5-7). Despite the Government's objection, the Court finds the Magistrate Judge's construction of

Dickerson's evidence persuasive.  The Government's objection (doc. 142) is, therefore, **OVERRRULED**.

Since the Court agrees with the Magistrate Judge that Dickerson has shown by clear and convincing evidence that she is not a flight risk or a danger to the community, the Court must "order the release of the person in accordance with section 3142(b) or (c)."  18 U.S.C. § 3143(a). The Magistrate Judge recommended that all the conditions imposed on Dickerson's pre-trial release be re-imposed.  (*See* doc. 141 at 17).  The Court agrees.  To the extent they are not modified by the additional conditions described below, all the conditions imposed on Dickerson's pre-trial release shall apply.  (*See* doc. 20 (conditions on pre-trial release)).  In addition to the conditions imposed on her pre-trial release, the Court also imposes the following conditions:

(1) Dickerson shall submit to location monitoring, as directed by the United States Probation Office;

(2) Dickerson shall also be prohibited from "contact with the victims of the state offenses," Mr. Kevin Whitfield and Ms. Deadra France;

(3) Dickerson shall also be prohibited from approaching within 500 yards of any real property owned or regularly occupied by Mr. Whitfield or Ms. France;

(4) Dickerson must report any contact or attempted contact by Whitfield, or any other person acting or purporting to act on his behalf, to the supervising officer as soon as practicable, but in no event later than the next calendar day; and

(5) Dickerson shall be required to sign an Appearance Bond in the amount of $100,000, secured by $10,000 in cash deposited with the Court.

Dickerson's objection to the amount of the bond and security, (doc. 143), is **OVERRULED**.

In summary, the Court **ADOPTS** the Report and Recommendation, (doc. 141), as the opinion of the Court.  The Court, therefore, **GRANTS** defendant's Motion for Reconsideration, (doc. 132), and her request for release on conditions pending sentencing.  An Order Setting Conditions of Release, memorializing the conditions discussed above, will be entered contemporaneously with this Order.

**SO ORDERED**, this 6th day of October, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA